FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 OCT 16  PM 3: 32

MITCHELL A. POHL, D.D.S. an individual,

Plaintiff,

Case No.: 3:15-CV-1241-J-34PDB

v.

HARRION ALEXANDER BEAVER III, D.M.D.,
d/b/a BEAVER DENTAL CARE and
PROFESSIONALPLANETS.COM, LLC, an Arizona
Limited Liability Company

Defendant.
_____/

## COMPLAINT

Plaintiff, MITCHELL A. POHL, D.D.S. ("Dr. Pohl" or "Plaintiff"), sues Defendant HARRION ALEXANDER BEAVER III, D.M.D., d/b/a BEAVER DENTAL CARE ("BEAVER") and PROFESSIONALPLANETS.COM, LLC ("PPC"), as follows:

## NATURE OF THIS ACTION

1. This is an action for direct and vicarious Copyright Infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and for associated damages, injunctive relief, and attorney's fees arising from the Defendants' unauthorized copying, distribution, and public display of photographs authored by Dr. Pohl and in which Dr. Pohl owns the copyright.

1

## JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

3.  This court has personal jurisdiction over BEAVER by virtue of his substantial, continuous and not isolated activity, e.g., the provision of dentistry services, in the state of Florida and in this judicial district, and by virtue of his committing tortious acts within the state of Florida and within this district.

4.  This court has personal jurisdiction over PPC by virtue of its substantial, continuous and not isolated activity, e.g., providing websites to persons/businesses located in Florida and in this judicial district, and by virtue of its committing tortious acts within the State of Florida and within this district.

5.  Venue is proper in this District, pursuant to 28 U.S.C. §§ 1392(b)-(c) and 1400 (a).

## THE PARTIES

6.  POHL practices dentistry, including restorative, cosmetic and implant dentistry, at 2900 N. Military Trail, Boca Raton, Florida, 33431.

7.  BEAVER is an Florida licensed dentist, having his principal place of business at 1677 Art Museum Drive, Jacksonville, FL 32207, and is the business of providing dentistry services. BEAVER, upon information and belief is a resident of Florida.

8.  BEAVER is an Florida licensed dentist and makes all decisions related to his professional advertising and marketing activities.

9. PPC is an Arizona limited liability company, having its principal place of business at 3370 N. Hayden Road, #123, Scottsdale, AZ 85251. PPC provides pre-packaged website designs to dentists and chiropractors throughout the United States and throughout Florida. PPC contracts with dental and chiropractic clients located within this judicial district.

## BACKGROUND

10. POHL is a practicing dentist in Boca Raton, Florida who devotes a substantial amount of his practice to cosmetic dentistry. As part of his practice, Dr. Pohl has extensively documented his work through the use of "before and after" photographs that depict the transformational nature of his work. POHL has published these photographs on his website, www.bocaratoncosmeticdentist.com, to inform the public about his knowledge and practice of restorative and cosmetic dentistry.

11. On November 28, 2005, Dr. Pohl registered the artwork, photographs and text titled "Boca Raton Cosmetic and Restorative Dentistry" (the "Work") with the United States Copyright Office (Registration No. TX 6-210-837). This registration was subsequently amended by Supplementary Registration TX 6-484-589, effective February 3, 2014, to correct and limit Dr. Pohl's authorship to photographs. A copy of the '837 Registration Certificate and the '589 Supplementary Registration Certificate are attached as Exhibit "A" hereto (collectively, the "Registration").

12. The Registration covers and includes "before and after" photographs of Dr. Pohl's patients. These photographs include:

3

aprilbefore1.jpg  and

aprilafter1.jpg  (collectively, the april1before1.jpg and aprilafter1.jpg, shall hereafter be referred to as the "Infringed Photographs").

13. On or around November, 2012, Dr. Pohl discovered that certain photographs contained in the Work and covered by the Registration were displayed on BEAVER's website, http://www.madeyougrin.com/ (the "Website"). A screenshot of the Website taken at that time is shown below and includes the Infringed Photographs.

4



14. Upon information and believe, BEAVER is the owner of the Website.

15. Upon information and belief, BEAVER, as a Florida licensed dentist, assumes full responsibility for all advertisements made on his behalf. Thus, BEAVER is either actually or constructively responsible for the decision to include the photographs shown in paragraph 11 on the Website.

16. By letter, POHL has attempted to communicate with BEAVER the following demands: a) that he cease and desist from the unauthorized use of Plaintiffs' photographs; b) that he provide written confirmation of their non-use of Dr. Pohl's

copyrighted photographs; and c) that he pay Dr. Pohl for his unauthorized use of his copyrighted photographs. Defendant BEAVER has not responded to these demands.

17. BEAVER has infringed the copyright in the Infringed Photographs and has failed to account to Plaintiff for such infringement.

18. Plaintiff has never authorized or consented to BEAVER's use of his copyrighted work.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

19. Plaintiff incorporates by references allegations 1 – 18.

20. This is action for direct Copyright Infringement of photographs covered by the Registration, pursuant to 17 U.S.C. § 501, against BEAVER.

21. Plaintiff is the owner of all rights, title, and interest in and to the Registration.

22. The photographs that are the subject matter of the Registration are wholly original and copyrightable matter under the Copyright Act.

23.   The photographs covered by the Registration include but are not limited to:

    a.   aprilbefore1.jpg



    b.   aprilafter1.jpg



24.   BEAVER has infringed POHL's copyright, in violation of 17 U.S.C. § 501 et seq., by distributing and publicly displaying POHL's copyrighted photographs without POHL's consent or authorization. (*See* ¶ 13 above).

25.   BEAVER has used POHL's copyrighted photographs to advertise cosmetic dentistry services, to demonstrate his competence to provide cosmetic dentistry services, and to induce patients to engage BEAVER to obtain cosmetic dentistry services. As a result, BEAVER has profited from his unlawful use of POHL's copyrighted photographs.

26.   Upon information and belief, BEAVER's infringement is continuing in nature and is willful.

27.   BEAVERS's infringement has caused injury to POHL, including damages.

WHEREFORE, POHL prays that this Court:

A. Enter judgment against BEAVER for infringement of the POHL's copyrights in the Work;

B. Award POHL his actual damages and BEAVER's profits pursuant to 17 U.S.C. § 504(b);

C. Award POHL statutory damages pursuant to 17 U.S.C. § 504 (c) (1);

D. Award an increased amount of statutory damages for willful infringement of the '837 Registration, if proven, to a sum of $150,000 pursuant to 17 U.S.C. § 504 (c) (2);

E. Award POHL his costs and reasonable attorney's fees in connection with this action pursuant to 17 U.S.C. § 505;

F. Permanently enjoin BEAVER from further acts of infringement; and

G. Award POHL such other relief as this Court deems appropriate

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates by reference paragraphs 1 – 18.

29. This is action for vicarious Copyright Infringement of photographs covered by the Registration, pursuant to 17 U.S.C. § 501, against PPC.

30. Plaintiff is the owner of all rights, title, and interest in and to the Registration.

31. The photographs that are the subject matter of the Registration are wholly original and copyrightable matter under the Copyright Act.

32. The photographs covered by the Registration include but are not limited to:

   a.  aprilbefore1.jpg



   b.  aprilafter1.jpg



33. PPC created the Website and supplied the Website to BEAVER. BEAVER's website directly infringes Pohl's copyrighted photographs by distributing and publicly displaying the Infringed Photographs.

34. PPC was responsible for including the Infringed Photographs on BEAVER's website. PPC, at all relevant times, had control over the content included on BEAVER's website, and had the ability to add or remove the Infringed Photographs from the BEAVER website. PPC was responsible for providing BEAVER with a website that did not include any infringing content. PPC had the right and ability to supervise and control the photographs displayed on the BEAVER website. In November 2012, PPC

was contacted by Pohl who demanded that PPC remove the Infringed Photographs from PPC's client dentists' websites. At some point thereafter, PPC demonstrated its practical ability to control the content on BEAVER's website by removing the Infringed Photographs from the BEAVER website.

35. PPC strives to provide dentists with a website design that will be effective in driving patients to each dentist's practice. Because a picture is worth a thousand words, the website design PPC initially sold to BEAVER included "before and after" pictures of cosmetic dentistry services. These "before and after" pictures depicted work performed by Dr. Pohl and included the Infringed Photographs.

36. PPC used the Infringed Photographs to induce BEAVER to purchase a website from PPC and become a PPC client. PPC is paid by BEAVER for the BEAVER website. PPC obtained a direct financial benefit from selling BEAVER a website that included the Infringed Photographs.

37. PPC committed vicarious copyright infringement, in violation of 17 U.S.C. § 501 et seq., by selling BEAVER a website which induced BEAVER to distribute and publicly display the Infringed Photographs without POHL's consent or authorization, by failing to ensure that the BEAVER website did not contain the Infringed Photographs, and by obtaining a direct financial benefit from selling BEAVER a website containing the Infringed Photographs. PPC is jointly and severally liable with BEAVER for BEAVER's direct copyright infringement.

38. PPC's vicarious infringement has caused injury to Plaintiff, including damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment against PPC for vicarious infringement of Plaintiff's copyrights in the Work and find PPC jointly and severally liable with BEAVER for BEAVER's direct infringement of Plaintiff's copyright in the Work;

B. Award the Plaintiff his actual damages and PPC's profits pursuant to 17 U.S.C. § 504(b).

C. Award the Plaintiff statutory damages pursuant to 17 U.S.C. § 504 (c) (1);

D. Award an increased amount of statutory damages for willful infringement, if proven, of the Registration to a sum of $150,000 pursuant to 17 U.S.C. § 504 (c) (2);

E. Award the Plaintiff his costs and reasonable attorney's fees in connection with this action pursuant to 17 U.S.C. § 505;

F. Permanently enjoin PPC from further acts of infringement; and

G. Award the Plaintiff such other relief as this Court deems appropriate.

Respectfully submitted,

s/ Willliam H. Hollimon
Florida Bar No. 0104868
Hollimon, P.A.
118 N. Gadsden St.
Tallahassee, FL 32301
Telephone: (850) 320-8515

E-mail: bill@hollimonpa.com
*Attorneys for Plaintiff Mitchell A. Pohl*